UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

ZOLTAN HIRSCH,

        Plaintiff,

    -v-                         No.  10 Civ. 9497 (LTS)

HUI ZHEN HUANG d/b/a WING HING
GOOD RESTAURANT and
511 GRAND LLC,

        Defendants.

------------------------------------------------------x

**ORDER**

        Plaintiff Zoltan Hirsch brings this action against 511 Grand LLC ("Defendant")

and Hui Zhen Huang,[1] for damages and declaratory and injunctive relief pursuant to Title III of

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and the New York

State Human Rights Law, on account of an alleged failure to provide, inter alia, an accessible

entrance to a Chinese food restaurant in lower Manhattan (the "Restaurant").  Defendant 511

Grand LLC has moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Plaintiff moved to strike Defendant's

reply memorandum of law, reply declaration, and an exhibit in support of the motion to dismiss.

For the following reasons, the motion to dismiss and motion to strike will be denied.

**BACKGROUND**

        Unless otherwise indicated, the following facts are taken from the Complaint and

---

[1]      Defendant Hui Zhen Huang entered an appearance only after the instant motion was
fully briefed.

assumed to be true for the purpose of evaluating Defendant's motion to dismiss.

Plaintiff is a double amputee who uses a wheelchair for mobility.  Prior to filing this action, Plaintiff visited the Restaurant located at 511 Grand Street, New York, New York, but he was unable to enter due to an "architectural barrier" in the form of a step at the Restaurant's entrance.  (Am. Compl. ¶ 14.)  Plaintiff "continues to desire to visit" the Restaurant "in the future, but continues to be injured in that he is unable to [enter the Restaurant] and continues to be discriminated against due to the architectural barriers which remain" at the Restaurant.  (Id.)

Plaintiff alleges ADA violations in addition to the inaccessible entrance, such as an inaccessible sales counter, sauce bottles located at an inaccessible height, the absence of "an accessible toilet inside stall," and the absence of accessible restroom door hardware.  (Am. Compl. ¶ 16.)

Defendant's reply memorandum of law and reply declaration in support of the motion to dismiss reference a New York Post article about Plaintiff and numerous lawsuits he has filed similar to the instant suit.  Defendant submitted the article itself as an exhibit in connection with its reply memorandum.  Defendant's reply declaration and memorandum of law also recount a conversation between defense counsel and plaintiff's counsel, during which plaintiff's counsel is alleged to have conceded that, because of the Plaintiff's observance of kosher dietary restrictions, he could not eat the food served at the Restaurant but that he may want buy a soda there.  (Decl. of S. Israel ¶ 3.)

DISCUSSION

Defendant's Motion to Dismiss

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered a an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not

conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by

a favorable decision." Friends of the Earth Inc. v. Laidlaw Environmental Services, 528 U.S. 167,

180-81 (2000).  Further, a party seeking injunctive relief to prevent a future injury must allege

"continuing, present adverse effects" in addition to past exposure to illegal conduct." City of Los

Angeles v. Lyons, 461 U.S. 95, 102 (1983).  "The party invoking federal jurisdiction bears the

burden of establishing these elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

The party's burden of proof changes depending on the stage of litigation, so that, at the pleading

stage, the party may rely on its allegations.  Id.

       "[T]o establish standing in an ADA suit seeking injunctive relief based upon lack

of access to a public accommodation, . . . a plaintiff must":

> (1) allege past injury under the ADA; (2) show that it is reasonable to infer from
> his or her complaint that this discriminatory treatment will continue; and (3) show
> that it is also reasonable to infer, based on the past frequency of his or her visits
> and the proximity of the public accommodation to his or her home, that he or she
> intends to return to the public accommodation in the future.

Harty v. Simon Property Group, 428 Fed. App'x 69, 71 (2d Cir. 2011) (citation and some internal

punctuation omitted).  "Courts considering ADA claims have found that disabled plaintiffs who

had encountered barriers at restaurants, stores, hotels, or stadiums prior to filing their complaints

have standing to bring claims for injunctive relief if they show a plausible intention or desire to

return to the place but for the barriers to access." Disabled in Action of Metropolitan New York

v. Trump Int'l Hotel & Tower, No. 01 Civ. 5518, 2003 WL 1751785, *7 (S.D.N.Y. Apr. 2, 2003)

(citations omitted).  Two plaintiffs in Disabled in Action alleged that they had encountered an

ADA violation outside of a New York City hotel that had prevented them from entering the hotel

and dining at the hotel's restaurant.  Id. at *9.  The plaintiffs were residents of New York City.

They further alleged that they "enjoy[ed] dining out, patronize[d] restaurants in the neighborhood of the Defendants' properties[] and desire[d] to dine at Defendants' restaurants in the future." <u>Id.</u> at *2.  Here, as in <u>Disabled in Action</u>, Plaintiff has alleged that he visited the Restaurant prior to filing his Complaint, he encountered a barrier to entry into the Restaurant, and he "continues to desire to visit the [Restaurant] in the future" but is prevented from doing so because of the barrier to entry.  (Am. Compl. ¶ 14.)  Plaintiff's pleadings are sufficient to establish standing at this stage in the litigation, as he has pleaded plausibly an actual injury traceable to the alleged barrier outside the Restaurant, which would be redressed by a favorable decision; a desire to return to the Restaurant; and a likelihood that the injury will continue if he returns to the Restaurant, as he will likely be denied full and equal enjoyment of access.

Defendants also assert that Plaintiff's alleged injury—the denial of barrier-free access into the Restaurant—is not concrete and particularized because Plaintiff has not pleaded the date that he visited the Restaurant or the height of the step that impeded his entry.  A "particularized injury" is one that "affect[s] the plaintiff in a personal and individual way." <u>Disabled in Action of Metropolitan New York</u>, 2003 WL 1751785 at *9 (citing <u>Defenders of Wildlife</u>, 504 U.S. at 560 n.1).  When a barrier prevents a plaintiff in a wheelchair from being able to enter a restaurant without assistance, the plaintiff's injury is concrete and particularized. <u>See Disabled in Action</u>, 2003 WL 1751785 at *9.  Thus, Defendants' argument is unavailing.

Defendant furthers assert that Plaintiff's alleged desire to return to the Restaurant is not plausible because Plaintiff lives in Brooklyn and the Restaurant is in lower Manhattan, the Plaintiff has alleged only one instance when he appeared outside of the Restaurant, and he has never dined there.  Further, he has not indicated when he wants to return to the Restaurant other

than "in the future." A plaintiff's "speculative 'some day' intentions" to return to a location are

insufficient to allege plausibly a likelihood of actual or imminent injury to support a claim for

injunctive relief. Lujan v. Defenders of Wildlife, 504 U.S. 555, 563 (1992). However, a

plaintiff's conditional statement that he would visit a particular location in the vicinity of his

residence but for the defendant's alleged misconduct can be sufficient to allege a plausible intent

to return. Friends of the Earth v. Laidlaw Environmental Services, 528 U.S. 167, 183-84 (2000).

Examples of conditional statements adequate to establish standing include a plaintiff's statement

that he "would like to fish in the [Tyger] [R]iver at a specific spot he used as a boy, but that he

would not do so now because of" the defendant's conduct; and a plaintiff's statement that "she

and her husband would like to purchase a home near the river but did not intend to do so, in part

because of" defendant's conduct. See id. at 182.

      In Disabled in Action, Chief Judge Mukasey found that plaintiffs' allegations that

they intended to return to a restaurant "in the future" were "plausible given the fact that they

live[d] in New York and ha[d] been to the restaurant in the past." Disabled in Action of

Metropolitan New York, 2003 WL 1751785 at *8. Here, Plaintiff has alleged that he desires to

return to the Restaurant in the future and that he has visited the Restaurant at least once in the

past. Further, the parties do not dispute that Plaintiff lives less than 10 miles from the Restaurant

in the same metropolitan area. Plaintiff has not alleged frequent, or even multiple, visits to the

Restaurant. He has, however, alleged a conditional desire to return, like those found adequate in

Laidlaw and Disabled in Action. Accordingly, Plaintiff has pleaded facts adequate at this stage

of the litigation to establish standing.

      Defendant further argues that the Plaintiff's stated desire to return to the Restaurant is not

plausible in light of his observance of kosher dietary restrictions and his numerous other lawsuits asserting ADA violations premised on allegations substantially similar to those in the instant case.   To establish standing, a plaintiff must support each element in "the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."   Lujan, 504 U.S. at 562.  "A motion to dismiss serves to test the sufficiency of the complaint and not to weigh evidentiary proffers." Goonewardena v. New York State Workers' Comp. Bd., 09 Civ. 8244, 2011 WL 4822553, *3 (S.D.N.Y. Oct. 5, 2011).  Therefore, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."  Lujan, 504 U.S. at 562.  Defendant's arguments regarding Plaintiff's dietary restrictions and litigation history are based on evidentiary proffers outside of the pleadings and , thus, they do not provide a proper basis, at this stage of the litigation, for dismissal of the Complaint.  Accordingly, the motion to dismiss the Complaint for lack of standing will be denied.

Plaintiff's Motion to Strike

        Plaintiff's motion to strike Defendant's reply memorandum of law, reply declaration and an exhibit pursuant to Federal Rule of Civil Procedure 12(f) will be denied.  By its own terms, Rule 12(f) applies only to pleadings.  Fed. R. Civ. P. 12(f).  The materials that Plaintiff seeks to have stricken are not pleadings.  See Fed. R. Civ. P. 7(a).  Accordingly, the motion will be denied.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint and

Plaintiff's motion to strike certain materials are denied.  This Order resolves docket entry numbers

16 and 29.

SO ORDERED.

Dated: New York, New York
      December 8, 2011

LAURA TAYLOR SWAIN
United States District Judge